

**MICHAEL VANUNU**
Partner
(516) 357-3337
Michael.Vanunu@rivkin.com

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

November 5, 2024

**VIA ECF**
Honorable Joseph A. Marutollo.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Government Employees Ins. Co. et al. v. Vladislav Stoyanovsky et al.
              Docket No.: 1:24-cv-01017-PKC-JAM

Dear Judge Marutollo:

As the Court is aware, we represent Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO") in the above-referenced matter. Plaintiffs submit this letter, together with Defendants Headlam Medical Professional Corporation ("HMPC"), Vladislav Stoyanovsky ("Stoyanovsky"), Dilsod Islamov ("Islamov"), Dmitriy Khavko ("Khavko"), Kianan Tariverdiev ("K. Tariverdiev"), and Nazim Tariverdiev ("N. Tariverdiev")(collectively, the "Appearing Defendants")(collectively with the Plaintiffs, the "Parties") to request an extension of the current November 25, 2024, fact discovery deadline in accordance with the Court's October 16, 2024 Order. See Dkt. Order Dtd. Oct. 16, 2024. The Parties are respectfully requesting a three-month extension of the fact discovery deadline to February 24, 2025. This is the Parties' first such request.

Given that the requested fact discovery deadline extension will impact several other deadlines set by the Court, the Parties propose also amending the impacted deadlines by three-months as follows:

1. Plaintiffs' time to make the required Fed. R. Civ. P. 26(a)(2) disclosures to be extended from December 20, 2024 to March 20, 2025.

2. Defendants' time to make the required Fed. R. Civ. P. 26(a)(2) disclosures to be extended from January 24, 2025 to April 24, 2025.

3. The completion of all discovery, including expert discovery, to be extended from February 25, 2025 to May 26, 2025.

4. Parties' time to take the first step in dispositive motion practice, if any, to be extended from March 4, 2025 to June 2, 2025.

The Parties' request is for good cause. First, Plaintiffs recently filed an amended complaint (the "Amended Complaint") in this action on August 26, 2024. D.E. 37. As the Court is aware, Plaintiffs were unable to serve two of the non-appearing Defendants with the Amended Complaint through statutorily identified methods. As a result, Plaintiffs requested permission to serve Defendants Gary Grody, also known as Lance Grody, and Eric Meladze via alternative means, which Your Honor granted. See Dkt. Order Dtd. Oct. 8, 2024. Their answers to the Amended Complaint are not due until November 6, 2024. D.E. 55-56. If Defendants Grody and Meladze fail to appear, Plaintiffs anticipate having to seek Court approval to serve them with deposition subpoenas via the same alternative means as the Amended Complaint.

Second, Plaintiffs served newly added Defendants Islamov, Khavko, K. Tariverdiev, N. Tariverdiev with discovery requests and their responses are not due until November 21, 2024. Plaintiffs will need time to review their discovery responses before conducting depositions in an effort to minimize bringing witnesses back in for additional days of testimony. While Plaintiffs intend to promptly depose all the newly added Defendants, it will not be possible for Plaintiffs to properly prepare for such depositions by the current November 25th deadline, even if the newly added defendants provide discovery responses by November 21st.

Furthermore, Plaintiffs are seeking to depose non-party Zhan Petrosyants in relation to the fraudulent scheme outlined in the Amended Complaint. Plaintiffs attempted to served him with a subpoena at his last known residence but were informed he moved several months prior. Plaintiffs have recently discovered another address for him and are attempting to serve him there.

The requested extensions will permit the Parties to continue to progress through discovery and properly prepare this matter for dispositive motion practice, and if necessary, trial. The extensions will also provide additional time for the Parties to engage in potential settlement discussions. As such, the Parties jointly and respectfully request the above-outlined extension.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

RIVKIN RADLER LLP

*/s/ Michael Vanunu*

Michael Vanunu

Cc: All counsel of record (via ECF)