

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MICHAEL VANUNU**
Partner
(516) 357-3337
Michael.Vanunu@rivkin.com

November 25, 2024

**VIA ECF**
Honorable Joseph A. Marutollo.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:    Government Employees Ins. Co. et al. v. Vladislav Stoyanovsky et al.
            Docket No.: 1:24-cv-01017-PKC-JAM

Dear Judge Marutollo:

As the Court is aware, we represent Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO") in the above-referenced matter. Plaintiffs submit this letter in response to the Court's November 22, 2024 Order scheduling a status conference to discuss Plaintiffs' pending motion for default judgment. See D.E. 31.

On April 23, 2024, this Court ordered Plaintiffs to file a motion for default judgment against non-appearing defendants Gary Grody, also known as Lance Grody, Eric Meladze, Sunstone Services, Inc., and Blue Tech Supplies Inc. (the "Defaulting Defendants"). As a result, Plaintiffs filed the pending motion for default judgment filed at docket entry 31. Plaintiffs recognize that "[t]he general practice in joint and several liability cases is to postpone the assessment of damages against defaulting defendants until disposition of the claims on the merits against non-defaulting defendants in order to avoid inconsistent damage determinations." Shum v. Jill Inc., 2023 U.S. Dist. LEXIS 16449, at * 16 (E.D.N.Y. Jan. 31, 2023)(collecting cases); seealso N. Am. Specialty Ins. Co. v. Anchorage Constr., Corp., 2022 U.S. Dist. LEXIS 115398, at * 8 (E.D.N.Y. June 29, 2022)("Courts in this Circuit have consistently delayed rendering default judgments even where a plaintiff seeks joint and several liability in order to avoid the problems of dealing with inconsistent damage determinations"). Absent the Court's April 23, 2024 Order, Plaintiffs would have waited to file its motion for default judgment until it resolved this action with all appearing defendants.

In light of Fed. R. Civ. P. 54(b)'s directive that a default judgment can only be entered against the Defaulting Defendants at this stage of the litigation "if the court expressly determines that there is no just reason for delay" and because Plaintiffs are seeking to recover on the same causes of action, jointly and severally, against the Defaulting Defendants and the defendants who have appeared in the case, Plaintiffs respectfully request that the Court hold Plaintiffs' pending default judgment motion in abeyance until the case is resolved against the appearing defendants.

Plaintiffs remain available to attend the status conference scheduled for tomorrow, Tuesday, November 26, 2024, should the Court wish to discuss this letter or any other matter related to this action.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

RIVKIN RADLER LLP

*/s/ Michael Vanunu*

Michael Vanunu

Cc: All counsel of record (via ECF)