

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MICHAEL VANUNU**
Partner
(516) 357-3337
michael.vanunu@rivkin.com

January 6, 2025

**VIA ECF**

Honorable Magistrate Judge Joseph A. Marutollo
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  *Gov't Employees Ins. Co. et al. v. Stoyanovsky, et al.*
> Civil Case No.: 1:24-cv-01017(PKC)(JAM)

Dear Magistrate Judge Marutollo:

We represent Plaintiffs (collectively "Plaintiffs" or "GEICO") in the above-referenced matter. Plaintiffs submit this letter in support of an order allowing for an alternative method to serve non-party Zhan Petrosyants a/k/a Johnny Petrosyants ("Petrosyants") with a deposition and document production subpoena via email to (1) Petrosyants's personal email address of jpetrosyants@gmail.com and (2) Petrosyants's recent counsel's email address of adam@jacobspc.com.

Plaintiffs filed the Amended Complaint in this action on August 26, 2024. See D.E. 37. Plaintiffs respectfully refer the Court to the Amended Complaint for the full contours of the allegations against the defendants, as it is impossible to fully describe every aspect of the allegations in this letter motion. See D.E. 37. Briefly, however, as alleged in the Amended Complaint, the Defendants participated in a multifaceted fraudulent scheme that involved, among other things: (i) recruiting a licensed physician who would agree, in exchange for a periodic salary, to falsely hold themselves out as the legitimate owner of medical practice and allow their name, license and tax identification number to be used for billing GEICO and other automobile insurers; (ii) billing for medically unnecessary, experimental, excessive, and otherwise non-reimbursable healthcare services (the "Fraudulent Services") pursuant pre-determined treatment and billing protocols; and (iii) billing for the Fraudulent Services pursuant to the dictates of unlicensed laypersons, and as a result of illegal financial arrangements between the Defendants and medical clinics. To carry out the scheme, the Amended Complaint explains how the Defendants partnered with a law firm, the FV Law Firm, and a funding company, Financial Vision, and others, in order to receive the necessary funding to gain access to the medical clinics where the Fraudulent Services could be provided.

Based on these allegations, as more fully set forth in the Amended Complaint, GEICO asserts claims against the Defendants, for common law fraud, unjust enrichment, and conspiracy to commit fraud seeking to

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

1301 Riverplace Boulevard
Jacksonville, FL 32207-9047
T 904.792.8925 F 904.467.3461

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

Letter to Hon. Joseph Marutollo
January 6, 2025
Page 2



recover more than $1,042,000.00 they wrongfully obtained from GEICO through their submission of fraudulent charges through Headlam Medical Professional Corporation ("HMPC").

Here, Plaintiffs seek to serve a subpoena upon Petrosyants for documents and testimony because he has discoverable information related to this Action. Specifically, Plaintiffs have reason to believe that Petrosyants has information related to Defendants Vladislov, Stoyanovsky, Kianan Tariverdiev, Nazim Tariverdiev, Dilsod Islamov, Dmitriy Khavko, and Gary Grody (collectively, the "Management Defendants") introduction to and arrangements with the FV Law Firm and Financial Vision concerning the circumstances of funding the fraudulent charges submitted to GEICO through HMPC Defendants, which was needed to carry out the fraudulent scheme alleged in the Amended Complaint.

This Court should permit Plaintiffs to serve a deposition and document production subpoena through an alternative form of service because Plaintiffs have been unable to serve Petrosyants through personal service. Fed. R. Civ. P. 45(b) states that a subpoena be served on the "named person"; however, Courts in this District and within the Second Circuit have permitted alternative service of a subpoena, including via email. See e.g., Gov't Emps. Ins. Co. v. Kalitenko, 2022 U.S. Dist. LEXIS 203434 (E.D.N.Y. Nov. 8, 2022); JPMorgan Chase Bank N.A. v. IDW Group, LLC, 2009 U.S. Dist. LEXIS 39714 (S.D.N.Y. May 11, 2009); Knopf v. Esposito, 2020 U.S. Dist. LEXIS 210767 (S.D.N.Y. Nov. 11, 2020).

Here, Plaintiffs have attempted to serve Petrosyants at two different addresses. First, Plaintiffs attempted to serve him at 400 West 63rd Street, Apt. 1201, New York, NY and the process server was told Petrosyants was evicted two to three months ago. See Exhibit "A". Plaintiffs also attempted service at 100 Old Palisade Road, Apt. 2506, Fort Lee, NJ and were told Petrosyants is unknown there. See Exhibit "B". Since those attempts, Plaintiffs have conducted additional public record searches for Petrosyants but have not been able to locate any new addresses for him.

In addition to demonstrating that personal service on Petrosyants is impractical, Plaintiffs are able to show that the proposed email addresses for service are likely to reach Petrosyants. Specifically, Petrosyants used jpetrosyants@gmail.com to communicate with the Defendants, the FV Law Firm, and Financial Vision in relation to billing submitted through HMPC. More recently, in a New York State Supreme Court, Nassau County, litigation entitled Financial Vision Capital Group II, LLC, v. PEKA Group, LLC and Daniel Kandhorov, Index No. 612359/2022 (the "Nassau County Action"), Petrosyants was a non-party subject to an order to show cause for contempt. In opposing the order to show cause, Petrosyants retained the firm of Jacobs P.C., 595 Madison Avenue, 39th Floor, New York, New York 10022, and submitted an affirmation under penalty of perjury. Within Petrosyants's affirmation, dated March 15, 2024, he indicates that his personal email address is jpetrosyants@gmail.com. See Affirmation of Zhan Petrosyants, attached as Exhibit "C". Counsel for Petrosyants in the Nassau County Action is Adam Sherman of Jacobs P.C., with an email address of adam@jacobspc.com.

Plaintiffs respectfully submit that service via email upon Petrosyants and his recent attorneys, as described above, is likely to reach Petrosyants. Given GEICO's inability to obtain a new address for Petrosyants, service on Petrosyants by email is the most practical method of alternative service. Against this backdrop, Plaintiffs respectfully request the Court grant Plaintiffs request to serve Petrosyants via alternative methods.

Letter to Hon. Joseph Marutollo
January 6, 2025
Page 3



The Court's attention to this request is appreciated.

        Respectfully submitted,

        RIVKIN RADLER LLP

        */s/ Michael Vanunu*

        Michael Vanunu

Cc:    All counsel of record (<u>via</u> ECF)