

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MICHAEL VANUNU**
Partner
(516) 357-3337
michael.vanunu@rivkin.com

January 17, 2025

**VIA ECF**
Honorable Magistrate Judge Joseph A. Marutollo
United States District Court,
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Gov't Employees Ins. Co. et al. v. Stoyanovsky, et al.*
           Civil Case No.: 1:24-cv-01017(PKC)(JAM)

Dear Magistrate Judge Marutollo:

We represent Plaintiffs (collectively "Plaintiffs" or "GEICO") in the above-referenced matter. Plaintiffs submit this letter as a follow up to Plaintiffs' previous request for an alternative method to serve non-party Zhan Petrosyants a/k/a Johnny Petrosyants ("Petrosyants") (D.E. 66) and the Court's previous January 8, 2025, Order permitting alternative service. See Dkt. Order Dtd Jan. 8, 2025. Due to issues serving Petrosyants through the method permitted in the Court's January 8, 2025, Order, Plaintiffs respectfully request a revised Order allowing for an alternative method to serve Petrosyants with a deposition and document production subpoena via: (1) email to Petrosyants's counsel; and (2) service on Petrosyants's relative residing at an address associated with Petrosyants.

Pursuant to Plaintiffs' January 6th request (D.E. 66) and the Court's January 8, 2025, Order, Plaintiffs were permitted to serve Petrosyants with a subpoena for documents and testimony via his personal email address jpetrosyants@gmail.com.[1] In complying with the Court's Order, Plaintiffs attempted to serve Petrosyants via email on two separate occasions; once on January 9, 2025 and another on January 10, 2025. Each time the email was returned as undelivered indicating "recipient server unavailable or busy."

Since those attempts, Plaintiffs located an additional physical address for Petrosyants located at 20 Park Street, Unit A, Edgewater, New Jersey, 07020 (the "Park Street Address"), which is also associated with Julie Petrosyants ("Julie"), who Plaintiffs believe is Petrosyants's wife[2]. Plaintiffs attempted to serve

---

[1] Plaintiffs' good faith basis for issuing a subpoena on Petrosytants related to this Action was set forth in Plaintiffs' initial request for alternative service. See D.E. 66.

[2] Plaintiffs' belief that Julie is married to Petrosyants is based on a public records search that reveals: (i) Julie previously used the name Julie Laenkova; (ii) Julie and Petrosyants are of a similar age; and (iii) Julie and

| | | | | | |
|---|---|---|---|---|---|
| 66 South Pearl Street, 11th Floor | 25 Main Street | 1301 Riverplace Boulevard | 477 Madison Avenue | 2649 South Road | |
| Albany, NY 12207-1533 | Court Plaza North, Suite 501 | Jacksonville, FL 32207-9047 | New York, NY 10022-5843 | Poughkeepsie, NY 12601-6843 | |
| T 518.462.3000 F 518.462.4199 | Hackensack, NJ 07601-7082 | T 904.792.8925 F 904.467.3461 | T 212.455.9555 F 212.687.9044 | T 845.473.8100 F 845.473.8777 | |
| | T 201.287.2460 F 201.489.0495 | | | | |

Letter to Hon. Joseph Marutollo
January 17, 2025
Page 2



Petrosyants at the Park Street Address on January 14th but were again unsuccessful. During the attempted service, Julie answered the door and informed Plaintiffs' process server that Petrosyants does not live at the Park Street Address but simply lists it as his address. Julie also informed the process server that Petrosyants it out of the country and she does not know for how long.[3] See Affidavit of Attempted Service attached as Exhibit "A."

In addition to attempting to email the subpoena to Petrosyants and personally serve him at the Park Street Address, Plaintiffs emailed Petrosyants's counsel at Jacobs P.C., the counsel of record referenced in Plaintiffs' January 6th request (see D.E. 66), on January 13th, via adam@jacobspc.com, to see if he would be willing to accept service on Petrosyants's behalf given their representation of him on another matter. To date, Plaintiffs have not received a reply.

Given Plaintiffs continued inability to serve Petrosyants with the subpoena via email at jpetrosyants@gmail.com, Plaintiffs are requesting an Order permitting Plaintiffs to serve Petrosyants via (i) email to his counsel of record, and (ii) via personal service on Julie. Notably, this is similar to the methods of alternative service that the Court permitted related to Defendant Eric Meladze. See D.E. 28,52; Dkt. Orders Dtd. May 5, 2024, Oct. 8, 2024.

Plaintiffs' are aware of two counsels of record for Petrosyants. First, as discussed in Plaintiffs' January 6th request, Petrosyants retained Jacobs P.C. who appeared for Petrosyants in the New York State action entitled Financial Vision Capital Group II, LLC, v. PEKA Group, LLC, et al., Index No. 612359/2022 (Sup. Ct. Nassau Cty.) (the "Financial Vision Action"), as a non-party in response to an order to show cause for contempt. See D.E. 66. The most recent filing on behalf of Petrosyants in the Financial Vision Action was made on March 15, 2024. The Supreme Court's decision on Order to Show Cause in the Financial Vision Action is still pending.

In addition, Petrosyants is a defendant in a New York State action entitled Emil Blank et al v. Zhan Petrosyants, et al, Index No. 517568/2019 (Sup. Ct. Kings Cty.) (the "Blank Action"). The Blank Action is pending appeal before the Appellate Division, Second Department under Index No. 2023-11076. Petrosyants counsel for the appeal in the Blank Action is Jonathan Edelstein of Edelstein & Grossman, 501 5th Avenue, # 514, New York, NY 10017, Jonathan.edelstein.2@gmail.com. Mr. Edelstein's most recent filing on behalf of Petrosyants was a respondent-appellant brief filed on September 4, 2024. The appeal in the Blank Action is still pending.

Courts within this District have previously permitted alternative methods of service on an individual's counsel, including via email and regular mail to their office address. See e.g., Hammock v. Moving State to State, LLC, 1:18-cv-05628-RPK-ST, Dkt Order Dtd May 11, 2020 (E.D.N.Y.); Ransome v. Epstein, 2018 WL 637421 (E.D.N.Y. Jan. 30, 2018). As such, Plaintiffs respectfully request permission to serve

---

Petrosyants have lived together since 2015, including at an apartment in New York, New York, and a residence in Fort Lee, New Jersey.

[3] To the extent Petrosyants is actually out of the country, Plaintiffs are willing to coordinate with Petrosyants to conduct his deposition via videoconferencing methods to avoid any unreasonable burden on Petrosyants.

Letter to Hon. Joseph Marutollo
January 17, 2025
Page 3



Petrosyants with the subpoena via email to both Adam Sherman of Jacobs P.C., via adam@jacobspc.com, and Jonathan Edelstein of Edelstein & Grossman via Jonathan.edelstein.2@gmail.com.

In order to further ensure Petrosyants receives notice of the subpoena, Plaintiffs additionally request to serve Petrosyants via service on Julie at the Park Street Address. In addition to acknowledging service via email satisfies the requirements of due process, the Court in Ferrarese v. Shaw recognized that: (1) "[c]ourts have also allowed for service to be effected by delivering the summons and complaint to a relative of the defendant"; (2) "service of the summons by mailing to the addresses of the defendant's relatives satisfies the demands of procedures due process…where a plaintiff has demonstrated that he or she has exhausted all reasonable possibilities of serving the summons personally"; and (3) "service on a defendant's relative would likely give defendant notice of the case brought against him." 164 F. Supp. 3d, 361, 366-68 (E.D.N.Y. 2016)(internal citations omitted). While Plaintiffs acknowledge the Shaw case addressed service of a summons and complaint, Plaintiffs assert the same rationale should apply to service of a subpoena and submit they have shown that serving Petrosyants personally is impracticable and that service on Julie, a relative to Petrosyants, would likely give notice to Petrosyants of the subpoena.

Plaintiffs respectfully ask that this Court permit Plaintiffs to serve Petrosyants via email upon Petrosyants's recent attorneys (adam@jacobspc.com and Jonathan.edelstein.2@gmail.com) and service on Julie as these methods are likely to reach Petrosyants.

The Court's attention to this request is appreciated.

Respectfully submitted,

RIVKIN RADLER LLP

/s/ Michael Vanunu

Michael Vanunu

Cc:   All counsel of record (via ECF)