UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, *et al.*,

                                         Plaintiffs,

                    v.

VLADISLAV STOYANOVSKY, *et al.*,

                                          Defendants.
-----------------------------------------------------------------------x

**OPINION & ORDER**

24-CV-1017
(Chen, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and Geico Casualty Company (collectively "Plaintiffs") bring this civil action alleging claims pertaining to healthcare fraud against Defendants Vladislav Stayonavsky, Headlam Medical Professional Corporation ("Appearing Defendants"), Gary Grody, a/k/a Lance Grody, Eric Meladze, Blue Tech Supplies Inc., Sunstone Services Inc., John Doe Defendant 1 through 10 ("Defaulting Defendants"), and Kianan Tariverdiev, Nazim Tariverdiev, Dilsod Islamov a/k/a Dilan, Dmitriy Khavko, and Kianan Tariverdiev ("Criminal Defendants"). *See generally* Dkt. No. 1.

Presently before the Court are non-party United States of America's ("the Government") (1) motion to intervene pursuant to Federal Rule of Civil Procedure 24 and (2) motion to stay depositions for 90 days; as well as Plaintiffs' (3) renewed motion to extend discovery. Dkt. Nos. 73, 73-1, 75. For the following reasons, the Court (1) defers ruling on the Government's request to intervene, pending briefing on the request by the parties; (2) grants the Government's request to stay depositions for 90 days; and (3) grants Plaintiffs' renewed motion to extend discovery.

I.     **Background**

The Court presumes familiarity with the underlying facts of the case and recounts only those necessary for disposition of the instant motions.

On February 8, 2024, Plaintiffs filed the instant action against Defendants. Dkt. No. 1; Dkt. No. 37. Plaintiffs bring civil claims for law fraud, unjust enrichment, and conspiracy to commit fraud against all Defendants. Dkt. No. 1 at ¶¶ 126-45; Dkt. No. 37 at ¶¶ 164-83. Plaintiffs allege that "Defendants have wrongfully obtained from [Plaintiffs] by submitting, and causing to be submitted, hundreds of fraudulent no-fault insurance charges relating to medically unnecessary, illusory, and otherwise non-reimbursable healthcare services styled as extracorporeal shockwave therapy and allegedly provided to New York automobile accident victims who were insured by [Plaintiffs]." Dkt. No. 1 at ¶ 1; Dkt. No. 37 at ¶ 1. The Complaint continues that the alleged scheme "was committed by Defendants, none of whom are licensed healthcare professionals, by misappropriating the name, medical license, signature, and other information of a physician by the name of Bo Tyler Headlam, M.D. and a medical professional corporation that was in Headlam's name, Defendant Headlam Medical Professional Corporation, and unlawfully using that professional corporation to bill for the Fraudulent Services." Dkt. No. 1 at ¶ 1; Dkt. No. 37 at ¶ 1.

Since filing of the Complaint, all Defendants have appeared except for the Defaulting Defendants.[1] On May 30, 2024, the Court set deadlines concerning the timeline for discovery, which required, *inter alia*, that fact discovery be completed by November 25, 2024, and that all discovery be completed by February 25, 2025. Minute Entry dated May 30, 2024.

---

[1] On November 26, 2024, Plaintiffs withdrew their motion for default judgment against the Defaulting Defendants until after the claims against the Appearing Defendants have been resolved. Minute Entry dated Nov. 26, 2024.

2

On August 26, 2024, Plaintiffs amended the Complaint to include the Criminal Defendants to the action, who were previously identified as John Doe Defendants. *See* Dkt. No. 37. At the time of amendment, these individuals were not the subject of any pending criminal actions. Dkt. No. 75 at 2.[2]

On October 17, 2024, an indictment against the Criminal Defendants in the Southern District of New York was unsealed, and the Criminal Defendants were subsequently arrested and arraigned. Dkt. No. 73-1 at 8; *see also United States v. Tariverdi, et al.*, No. 24-cr-599 (JPO) (S.D.N.Y.) ("Criminal Case").

On November 5, 2024, the Court extended the discovery schedule at the parties' request. Text Order dated Nov. 5, 2025. The Court extended, *inter alia*, the deadlines to complete fact discovery until February 24, 2025, and the deadline to complete all discovery until May 26, 2025. *Id.* The Court noted that there "will be no further extensions of the discovery deadline under any circumstances." *Id.*

On November 26, 2024, the Court permitted Plaintiffs to use alternative methods to serve a subpoena for testimony and documents on Defendant Meladze. Text Order dated Nov. 26, 2024. Thereafter, the Court again permitted Plaintiffs to resort to alternative service methods for similar subpoenas on a non-party witness. Text Order dated Jan. 8, 2025; Text Order dated Jan. 17, 2025.

On February 4, 2025, the parties filed a joint motion requesting a 90-day stay of all depositions through May 3, 2025, but would otherwise "continue to seek all forms of discovery besides party and non-party depositions. Dkt. No. 69 at 2. The parties additionally indicated that "the Government reserves its right to file a motion for intervention and a stay of discovery in this action based upon the circumstances of the Pending Criminal Action," but that their agreement

---

[2] Page citations are to the ECF-stamped page numbers.

"does not waive any of the Parties' rights or arguments with respect to such future request by the Government." Dkt. No. 69 at 2. The Court denied the request without prejudice because the parties failed address the factors relevant to whether a stay of discovery is warranted under *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). Text Order dated Feb. 4, 2025.

On February 10, 2025, the Government filed the instant motions to intervene as a party to this action and to stay depositions for a 90-day period. Dkt. No. 73-1 at 1-2. In its motion, the Government indicated that Plaintiffs, the Appearing Defendants, and the Criminal Defendants did not oppose and otherwise consented to the request to stay depositions. *Id.* at 3-4.

On the same date, Defendant Tariverdiev filed a letter in support of the Government's request for a limited stay. *See* Dkt. No. 74.

Also on February 10, 2025, Plaintiffs renewed their motion for an extension of time to complete discovery. *See* Dkt. No. 75. Plaintiffs consent to the Government's request to stay depositions, and further request that the Court "extend (i) the facto discovery to 60 days after the conclusion of the deposition stay and (ii) extend expert discovery to three months after the conclusion of fact discovery." *Id.* at 2.

II. **Discussion**

    A. **The Court Grants the Government's Request for a Limited Stay of Discovery**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton*, 676 F.3d at 96 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). It is well settled that a stay of a federal civil rights action pending the outcome of parallel criminal proceedings is appropriate for reasons of judicial economy and the resolution of parallel

4

issues. *See generally Wallace v. Kato*, 549 U.S. 384, 393- 94 (2007) ("[I]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended.").

In determining whether to stay a civil proceeding pending resolution of an ongoing criminal proceeding, courts in this Circuit consider such factors as (1) the extent to which the issues in the criminal case overlap with those presented in the civil case, (2) the status of the criminal case, (3) the private interests of and burden on the defendants, (4) the private interests of the plaintiffs, (5) the interests of the courts, and (6) the public interest. *See Louis Vuitton*, 676 F.3d at 99. "The party seeking a stay bears the burden of establishing its need." *Sec. & Exch. Comm'n v. Shkreli*, No. 15-CV-7175 (KAM) (RML), 2016 WL 1122029, at *3 (E.D.N.Y. Mar. 22, 2016).

Here, the Government has met its burden in showing that a limited stay of discovery is warranted. First, the Government has shown that there is substantial overlap between the issues presented here and in the parallel criminal case. The facts at issue in the operative Complaint are encompassed by those alleged in the Criminal Case, the Criminal Defendants are charged with "a broader scheme, with a higher dollar amount, multiple insurer victims, and a longer time period." Dkt. No. 73-1 at 13-14. This substantial overlap implicates concerns about the potential of self-incrimination should the Criminal Defendants be deposed by Plaintiffs, *see Shkreli*, 2016 WL 1122029, at *3, and further deposition-related discovery could prove to be inefficient and wasteful should the parties litigate any resulting invocations of privileges at said depositions. *See Stamile v. Cnty. of Nassau*, No. CV 10-2632 (SJF) (AKT), 2011 WL 1754125, at *4 (E.D.N.Y. Jan. 31, 2011). Therefore, the first factor favors granting a limited stay.

The second factor also favors a limited stay. "[T]he strongest argument for granting a stay is where a party is under criminal indictment." *Shkreli*, 2016 WL 1122029, at *5 (quoting *Hicks*

5

*v. City of New York*, 268 F. Supp. 2d 238, at *242 (E.D.N.Y. 2003)); *Gesualdi v. LR Safety Consultants & Constr. Servs., LLC*, No. 19-CV-2404 (DRH) (AYS), 2020 WL 13178037, at *3 (E.D.N.Y. Oct. 9, 2020) ("proceeding in a related civil and criminal proceeding could (1) undermine a party's Fifth Amendment privilege against self-incrimination; (2) expose the basis of a party's criminal defense in advance of trial; (3) otherwise prejudice the criminal or civil case." (citations omitted)).

Here, a criminal indictment has been returned. Dkt. No. 73-1 at 6. As "[t]he weight of authority in this Circuit indicates that court will stay a civil proceeding when the criminal investigation has ripened into an indictment," *Harris v. Nassau Cnty.*, No. 13-CV-4728 (NGG) (RML), 2014 WL 3491286, at *4 (E.D.N.Y. July 11, 2014), this factor favors granting the Government's request. *See, e.g.*, *Martinez v. City of New York*, No. 23-CV-6303 (JGLC), 2023 WL 6877906, at *2 (S.D.N.Y. Oct. 18, 2023) (finding that the second factor weighed in favor of a stay where certain defendants had been indicted); *see also Gesualdi*, 2020 WL 13178037, at *3 (same).

Concerning the interests of the parties, all of the parties who have appeared in this matter have consented to the Government's request for a limited stay. *See* Dkt. No. 73-1 at 3-4; Dkt. No. 74; Dkt. No. 75; *see also* Dkt. No. 69 at 2 (indicating consent to 90-day stay of all depositions prior to the Government's instant motion). Additionally, and as set forth above, the interests of the Court would be served by a stay because it could avoid litigation resulting from certain issues that may arise during the Criminal Defendants' depositions. A stay may further simplify the present action, as the resolution of the Criminal Case may dispose of issues presented by parties in the instant matter. *See Gesualdi*, 202 WL 13178037, at *3 ("resolution of the criminal proceeding is likely to affect the civil action and thus promote judicial efficiency").

6

Finally, the Court fails to identify any way in which a limited stay would hinder any public interest. Rather, a stay would further public interest by "preserving the integrity of the criminal case." *See Harris*, 2014 WL 3491286, at *5.

Accordingly, the Court finds that a limited stay is warranted. Accordingly, the deadline to conduct all depositions is **stayed 90 days, through May 4, 2025**.

B. **The Court Defers on the Government's Request to Intervene as a Party**

The Government also seeks to intervene as a party under Federal Rule of Civil Procedure 24. Dkt. No. 73-1 at 11-12. The Government argues that "intervention is warranted because the Government's interests in upholding the public interest in enforcement of criminal law cannot be protected adequately by the existing parties in the Civil Case, none of whom represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes." *Id.*

The Government does not indicate whether Plaintiffs or any of the Defendants consent to intervention, nor do the parties in their concurrent submissions. Instead, Plaintiffs and Defendants in their February 4, 2025 joint motion represent that their agreement "does not waive any of the Parties rights or arguments with respect to [a future motion for intervention and a stay of discovery in this action] by the Government." Dkt. No. 69 at 2.

Here, the Court defers ruling on the Government's motion to intervene. Because the parties have not clearly identified their positions on any Government intervention, they shall file any response to the Government's motion **by February 18, 2025**. If a party does not oppose the motion, then they shall indicate as such by that same date.

7

### C. The Court Grants Plaintiffs' Renewed Request to Extend Discovery

Plaintiffs renew their request to extend fact discovery to 60 days after the conclusion of the stay on depositions and to extend expert discovery to three months after the conclusion of fact discovery. Dkt. No. 75 at 2. Plaintiffs argue that there the instant matter presents "unusual circumstances" warranting an extension of the discovery deadlines despite the Court's prior admonition that "there will be no further extension of the discovery deadlines under any circumstances." *Id.*; *see also* Text Order dated Nov. 6, 2024; Text Order dated Feb. 4, 2024.

Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In the context of a request for the modification of a discovery schedule, that often means a showing by the movant that despite due diligence, it could not have reasonably meet the scheduled deadlines." *Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19-CV-2345 (LJL), 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020). "While a court in its discretion may consider other factors, such as prejudice to the non-moving parties, diligence remains the central focus of the court's inquiry." *Desir v. Austin*, No. 13-CV-00912 (DLI) (VMS), 2015 WL 4546625, at *2 (E.D.N.Y. July 28, 2015). "The movant bears the burden of demonstrating good cause." *Arriola v. 658-660 Amsterdam Corp.*, No. 20-CV-1962 (VSB), 2025 WL 239110, at *2 (S.D.N.Y. Jan. 16, 2025).

Here, the Court finds that Plaintiffs have demonstrated good cause warranting extension of the relevant discovery deadlines. Plaintiffs have shown diligence in litigating this matter, as they have sought alternative methods of service multiple times for when subpoenas could not be served under ordinary methods. Plaintiffs further indicate that they will "separately file a motion with the Court seeking to compel" compliance with those previously issued subpoenas. Dkt. No. 75-2 at n.1. Thus, nothing suggests that the extension request is rooted in conduct at odds with a finding

8

of due diligence, like "carelessness, an attorney's otherwise busy schedule, or a change in litigation strategy." *See Fall Out Boy*, 2020 WL, 4978080, at *1; *Arriola*, 2025 WL 239110, at *2.

Furthermore, the Court recognizes the issues presented by the indictment of the Criminal Defendants after Plaintiffs amended the Complaint, as well as the possibility of intervention by the Government. The matter at hand presents a procedural irregularity, and a modified and slightly extended discovery schedule is warranted under the circumstances.

Accordingly, Plaintiffs' request is granted: the parties shall complete fact discovery by July 3, 2025. All discovery, including expert discovery, shall be completed by October 1, 2025.

## IV. Conclusion

In light of the foregoing, the Government's [Dkt. No. 73] motion is granted in part and deferred in part; Plaintiffs' [Dkt. No. 75] request is granted. Accordingly, the Court amends the discovery schedule and orders as follows:

1. The parties shall respond to the Government's request to intervene by February 18, 2025. If a party does not oppose the request, they shall indicate as such by that same date.

2. All discovery pertaining to the taking of depositions shall be stayed until May 4, 2025.

3. The parties shall complete fact discovery by July 3, 2025.

4. All discovery, including expert discovery, shall be completed by October 1, 2025.

5. The date to take the final step in dispositive motion practice shall be October 7, 2025.

Dated:     Brooklyn, New York
           February 10, 2025                **SO ORDERED.**

                                            */s/ Joseph A. Marutollo*
                                            JOSEPH A. MARUTOLLO
                                            United States Magistrate Judge