

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

**ALEXANDRA WOLFF**
(516) 357-3307
alexandra.wolff@rivkin.com

March 3, 2025

**VIA ECF**
Honorable Joseph A. Marutollo
United District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:   *Government Employees Ins. Co. et al. v. Stoyanovsky, et al.*
             Case No.: 1:24-CV-01017-PKC-JAM

Dear Judge Marutollo:

As the Court is aware, we represent Plaintiffs (collectively "GEICO" or "Plaintiffs") in the above-captioned action. Pursuant to Local Rule 37.3(c), GEICO respectfully submits this letter motion seeking an Order enforcing the subpoenas for testimony and documents served on Defendant Eric Meladze ("Meladze") and non-party Zhan Petrosyants a/k/a Johnny Petrosyants ("Petrosyants")(the "Subpoenas"). The Subpoenas directed Petrosyants and Meladze to appear for depositions on January 27, 2025, and February 3, 2025, respectively, and to bring with them certain documents that are identified in Rider "A" of the Subpoenas. A copy of the Subpoenas, along with the Rider, and corresponding affidavits of service are annexed hereto as Exhibit "A" (for Meladze) (the "Meladze Subpoena") and Exhibit "B" (for Petrosyants)(the "Petrosyants Subpoena"). Despite Plaintiffs' good faith efforts to obtain compliance, Meladze and Petrosyants have ignored GEICO and failed to comply with the Subpoenas.

    I.    <u>The Discovery Sought From Meladze and Petrosyants is Relevant to GEICO's Claims</u>

The discovery sought through Meladze and Petrosyants is relevant to Plaintiffs' claims that Defendants Vladislav Stoyanovsky ("Stoyanovsky"), Headlam Medical Professional Corporation ("HMPC"), Gary Grody a/k/a Lance Grody ("Grody"), Meladze, Blue Tech Supplies Inc. ("Blue Tech"); Sunstone Services Inc. ("Sunstone"), Kianan Tariverdiev ("K. Tariverdiev"), Nazim Tariverdiev ("N. Tariverdiev"), Dilsod Islamov a/k/a "Dilan" ("Islamov"), and Dmitriy Khavko ("Khavko") perpetrated a scheme to defraud GEICO by misappropriating the name, medical license, signature, and other information of Bo Tyler Headlam, M.D. ("Headlam") and submitting charges for medically unnecessary extracorporeal shockwave therapy ("ESWT") through HMPC, which resulted in Defendants submitting more than $1.1 million worth of fraudulent billing to GEICO.

66 South Pearl Street
Albany, NY 12207-1533
T 518.462.3000  F 518.462.4199

25 Main Street, Court Plaza North
Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460  F 201.489.0495

1301 Riverplace Boulevard
Jacksonville, FL 32207-9047
T 904.792.8925  F 904.467.3461

477 Madison Avenue
New York, NY 10022-5818
T 212.455.9555  F 212.687.9044

2649 South Road, Suite 100
Poughkeepsie, NY 12601-6843
T 845.473.8100  F 845.473.8777

Letter to Hon. Joseph A. Marutollo
March 3, 2025
Page 2



Plaintiffs' Amended Complaint provides substantial detail regarding the fraudulent scheme perpetrated by the Defendants, including Meladze's role in the scheme. See D.E. 37 ¶¶ 24-29; 84; 98; 112-114. For example, the Amended Complaint explains how Meladze was involved in laundering the funding advances supposedly made on behalf of HMPC. Specifically, it explains how the funding advances were paid to Sunstone and Blue Tech, shell companies owned by Meladze, as opposed to HMPC. See D.E. 37 ¶¶ 24-29. Once the funding money was deposited into the bank accounts for Sunstone and Blue Tech, Meladze took the more than $1million worth of funding received and converted it into gold along with $8 million in additional funds.

Similar to Meladze, the testimony and documents Plaintiffs seek from Petrosyants is relevant to Plaintiffs' claims. For example, Plaintiffs have reason to believe that Petrosyants has information related to Defendants Stoyanovsky, K. Tariverdiev, N. Tariverdiev, Islamov, Khavko, and Grody's (collectively, the "Management Defendants") introduction to and arrangements with the FV Law Firm and Financial Vision concerning the circumstances of funding the fraudulent charges submitted to GEICO through HMPC, which was needed to carry out the fraudulent scheme alleged in the Amended Complaint. These funds were the same funds received by Sunstone and Blue Tech and converted into gold by Meladze in order to carry out the fraudulent scheme.

Given the above, it is clear the documents and depositions of Meladze and Petrosyants requested in the Subpoenas are relevant to GEICO's claims, including GEICO's allegations that the Defendants engaged in unlawful kickback arrangements to bill for the medically unnecessary ESWT.

    II.    Plaintiffs' Good Faith Efforts to Obtain Compliance with Subpoenas

Plaintiffs engaged in several efforts to contact Meladze and Petrosyants before and after their non-appearance for the scheduled deposition dates. In accordance with the Court's October 8, 2024 and November 26, 2024, Orders, Plaintiffs served Meladze with a deposition and document subpoena and copy of the Court's Order via email and certified mail on January 9, 2025. The email was not returned as undeliverable or for any other reason. After Meladze's non-appearance for the deposition, Plaintiffs sent him another email urging him to reach out to our office by February 6, 2025, to coordinate his compliance with the Meladze Subpoena. See Exhibit "C". As with before, the email was not returned as undeliverable. To date, Meladze has neither appeared for his deposition, nor contacted Plaintiffs either directly or through counsel.

In accordance with the Court's January 17, 2025, Order, Plaintiffs emailed copies of the Court Order and the Subpoena related to Petrosyants via email to his two attorneys and via nail and mail service to Julie Petrosyants after she refused to accept service. See Exhibit "D." To date, Petrosyants has neither appeared for his deposition, nor contacted Plaintiffs either directly or through counsel.

Letter to Hon. Joseph A. Marutollo
March 3, 2025
Page 3



This Court has consistently enforced subpoenas served on non-parties who fail to offer a sufficient excuse for non-compliance.  See, e.g., Gov't Emps. Ins. Co., et. al. v. Zilberman, D.C. et al., Case No. 20-cv-00209 (E.D.N.Y.), at March 18, 2021 Dkt. Order; Gov't Emps. Ins. Co., et. al. v. Epione Medical, P.C. et al., Case No. 18-cv-03159 (E.D.N.Y.), at August 1, 2019 Dkt. Order; Gov't Emps. Ins. Co., et. al. v. Weinberger, D.C., et al., Case No. 18-cv-06641 (E.D.N.Y.), at July 29, 2019 Dkt. Order; Gov't Emps. Ins. Co., et. al. v. Mayzenberg, et al., 17-cv-2802, at January 22, 2018 Order (all granting motion to compel non-party depositions); see also  Freund v. Weinstein, 2009 WL 4065585 (E.D.N.Y. 2009) (ordering non-party witness to comply with subpoena as no adequate excuse provided for non-compliance).

Given the Court's recent Order staying all depositions until May 4, 2025 (D.E. 76), Plaintiffs respectfully request that the Court, in ordering Meladze and Petrosyants to comply with the Subpoenas, direct Meladze and Petrosyants to appear for a deposition on or before May 23, 2025 but after May 5, 2025.

Accordingly, given the relevance to Plaintiffs' claims of the documents and testimony sought in the Subpoenas, Plaintiffs respectfully request the Court issue an Order: (i) directing Meladze to appear for a deposition on a day between May 5 and May 23, 2025; (ii) directing Petrosyants to appear for a deposition by a date certain on a day between May 5 and May 23, 2025; (iii) directing Meladze to bring to his deposition all documentation in him custody, possession, and control that are contained within Rider "A" to the Meladze Subpoena; (iv) directing Petrosyants to bring to the deposition all documentation in him custody, possession, and control that are contained within Rider "A" to the Petrosyants Subpoena; and (v) indicating that failure to appear for their respective depositions will result in sanctions, including a possible contempt order and costs for GEICO's motion practice seeking further compliance with the Subpoenas.

We thank the Court for its time and continued attention to this matter.

    Very truly yours,

    RIVKIN RADLER LLP

    /s/ *Alexandra Wolff*
    Alexandra Wolff, Esq.

cc:  VIA ECF
    All counsel

    VIA EMAIL and CERTIFIED MAIL
    Eric Meladze

Letter to Hon. Joseph A. Marutollo
March 3, 2025
Page 4



420 Lexington Avenue
Suite 2808
New York, NY 10170

VIA EMAIL and CERTIFIED MAIL
Zhan Petrosyants a/k/a Johnny Petrosyants
20 Park Street A
Edgewater, NJ 07020